that Levy, in prior years, has been extremely modest in the amounts allowed himself as salaries and that, in view of the volume of the business, the net earnings and the performance of all the work by Levy, an additional $10,000 would not be unreasonable.

## Appeal of DAVID S. GOLDSTEIN.

Docket No. 5161.   Submitted November 24, 1925.   Decided January 21, 1926.

*M. Manning Marcus, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before Graupner, Trammell, and Phillips.

Taxpayer appeals from the determination of a deficiency of $2,447.29 income tax for 1919, and alleges three errors:

1. That salary received by the taxpayer from the Goldstein Neumann Co. has been overstated by $2,200;

2. That the amount realized from the sale by taxpayer in 1919 of stock of the Goldstein-Neumann Co. has been overstated by $4,043.46; and

3. That the cost of such stock to the taxpayer was determined at $32,834.05, instead of $49,600, as claimed by taxpayer.

The testimony of the taxpayer with reference to the cost to him of the stock sold in 1919 is conflicting and unsatisfactory. It is impossible to make any findings of fact therefrom.

### FINDINGS OF FACT.

In June, 1919, taxpayer sold 248 shares of the capital stock of Goldstein-Neumann Co. for a total consideration of $43,000. During 1919 taxpayer received salary from the Goldstein-Neumann Co. of $2,325.

### DECISION.

The determination by the Commissioner of the cost of the stock is approved. The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.